**In the Matter of Allen T. THOMPSON.**

**No. 88S00–0701–DI–12.**

Supreme Court of Indiana.

May 21, 2007.

*REVISED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

ing agreed facts and proposed discipline as summarized below:

**Facts:** On December 27, 2006, pursuant to a plea agreement, a trial court entered a Judgment of Conviction against Respondent for Possession of a Narcotic Drug (cocaine) in violation of Indiana Code section 35–48–4–6(a), a class D felony. The court, however, sentenced Respondent as a class A misdemeanant. Respondent received a sentence of one year in jail, with eight days to be served and the rest served on probation.

On January 10, 2007, the Commission filed a "Notice of Guilty Finding and Request for Suspension," to which Respondent responded on January 29. The Commission informed this office that an agreement was being negotiated. On March 30, 2007, the Commission filed a "Verified Complaint for Disciplinary Action," and the parties tendered a "Statement of Circumstances and Conditional Agreement for Discipline."

The parties agree to the following facts in mitigation: (1) Respondent admitted his misconduct and cooperated with the Commission's investigation; (2) Respondent has no prior disciplinary history; (3) Respondent has accepted responsibility for his actions; (4) Respondent successfully completed an intense substance abuse program through the Indiana Judges and Lawyers Assistance Program ("JLAP"); and (5) for over three years, Respondent has abstained from the use of illegal substances, attended weekly support programs, submitted to random urine screens, counseled addicts, and has been in complete compliance with the requirements of his monitoring agreement with JLAP.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on his or her honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** Respondent committed a serious crime and ethical breach. In some circumstances, such conduct would warrant harsher discipline than the parties propose in this case. In assessing the agreed sanction in this case, however, Court notes that this has been the only disciplinary action against Respondent since his admission to practice in 1977, Respondent has taken prompt and complete responsibility for his actions, and he has actively and successfully participated in substance abuse programs through JLAP. In light of the Court's desire to encourage lawyers to act responsibly in such situations and to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the following agreed discipline:

(1) Respondent shall receive a six (6) month suspension, with the first thirty (30) days served as active suspension.

(2) The balance of the suspension shall be conditionally stayed subject to successful completion of one (1) year probation with continued JLAP monitoring.

(3) The conditions of probation shall also include:

(a) Respondent shall completely abstain from all controlled substances.

(b) Respondent shall not be arrested upon probable cause for any controlled substance or alcohol violation.

(c) Respondent shall continue with periodic random urine screens as directed by JLAP.

(d) Respondent shall consent to release to the Commission from JLAP of any records relating to the testing or progress of Respondent.

(e) Respondent shall immediately report any violations of probation to the Commission.

(4) Violation of any term of probation will cause the Commission to petition for revocation of probation and to ask that the remaining 150 days of the suspension be served without automatic reinstatement.

Respondent is ordered to fulfill his duties as a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.